

FILED IN CLERK'S OFFICE
U.S.D.C. Rome
JUL 30 2015
JAMES N. _____
By: _____ Clerk
Deputy Clerk

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

ELBERT LEE HARRIS and
VELISHA SCOGIN,
in their individual capacities and
on behalf of others similarly situated,

Plaintiffs,

v.

COMFORT CARE TRANSPORTATION SERVICES,
INC.; BEST CARE TRANSPORT SERVICES, LLC;
SOUTH EAST PERSONNEL LEASING, INC.; and
LINDA KENNEY, an individual,

Defendants.

Case No. 4:15-cv-_135-HLM_

**JURY TRIAL REQUESTED**

## COMPLAINT

1. Plaintiffs Elbert Lee Harris and Velisha Scogin both worked as drivers for Defendants' non-emergency medical transportation service for over four years, regularly working 10- to 12-hour days, five or six days a week. They were paid on a piece-rate basis, with further deductions to their pay for various reasons. During this time, the Defendants failed to abide by the overtime laws, and in some cases even failed to pay them at or above the applicable minimum wage for all hours worked in the workweek.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

2. To challenge these and other wage violations, Plaintiffs, both in their individual capacities and on behalf of others similarly situated, bring this action, by and through their attorneys, against Defendants Comfort Care Transportation Services, Inc.; its related corporation, Best Care Transport Services, LLC; their PEO co-employer, South East Personnel Leasing, Inc.; and the principal of Comfort Care and Best Care, Linda Kenney, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA").

3. Plaintiffs also bring contract and quasi-contract claims related to any portions of the Plaintiffs' underpaid wages that fall outside of the purview of the FLSA, as more fully described herein..

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Harris v. Comfort Care*
USDC, NDGA, Rome

Complaint
Page 2

6.  Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' business located at 412 Stonewall St., Cartersville, GA  30120 and one or more of the Defendants named herein resides in this district.

## PARTIES

### Defendant Best Care Transport Services, LLC

7.  Defendant **Best Care Transport Services, LLC** (hereinafter "Best Care") is a corporation that was doing business within the County of Bartow, and whose principal place of business was located at 412 Stonewall St., Cartersville, GA  30120.  Its registered agent is listed with the Georgia Department of State as Linda Kenney, with an address of 32 Lake Top Drive Cartersville, GA  30121.

8.  In general terms, Best Care is the predecessor corporation of Comfort Care.

9.  Plaintiffs Harris and Scogin (and others similarly situated) worked for Best Care as drivers when they first began employment with Defendants.

10. Best Care was previously sued by one individual driver, Tonya L. Tati, for FLSA violations in this District. (Case No. 4:11-cv-00246-HLM, Complaint filed October 11, 2011.)  After cross summary judgment motions were

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Harris v. Comfort Care*
USDC, NDGA, Rome

Complaint
Page 3

denied, the parties ultimately settled the case, and with the Court's approval it was closed on or about October 16, 2013.

11. On or about July 12, 2013, Best Care filed for bankruptcy in this district. (Petition No. 13-41987-mgd.)  On or about October 2, 2013, Best Care moved to dismiss that bankruptcy on the grounds that "The principal reason for Debtor seeking relief was a lawsuit under the Fair Labor Standards Act (FLSA) which was being vigorously prosecuted against it in District Court. Additional Defendants had been added as Defendants to that civil action. After the Chapter 7 case was filed, during a District Court sponsored mediation, the FLSA case was settled by the other two Defendants. While Debtor did not sign off on the settlement document, the settlement contemplates Debtor being released from the claim and the case being dismissed." (Dkt. 32, ¶¶ 2-3).  That motion was granted, and the bankruptcy case was dismissed.  (Dkt. 36, 10/28/13).

12. Despite the FLSA case being the "principal reason" for filing for bankruptcy, in its Statement of Financial Affairs, Best Case failed to designate the *Tati* case as constitute a "priority claim" when it failed to mark the box "Wages, salaries, and commissions, .... up to $12,475* per person earned within 180 days immediately preceding the filing of the original

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Harris v. Comfort Care*
USDC, NDGA, Rome

Complaint
Page 4

petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4)." [Bankruptcy Dkt. 12 p. 17]

13. At relevant times, Defendant Best Care had annual gross revenues in excess of $500,000.  [See Bankruptcy Dkt. 12 p. 1]

14. At all relevant times, Defendant Best Care was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

15. At times material to this action, Defendant Best Care was subject to the FLSA and was an "employer" of the Plaintiffs and others similarly situated, as defined by § 203(b) of the FLSA.


**Defendant Comfort Care Transportation Services, Inc.**

16. Defendant **Comfort Care Transportation Services, Inc.** (hereinafter "Comfort Care") is a corporation doing business within the County of Bartow, and whose principal place of business is located at 412 Stonewall St., Cartersville, GA  30120.  Its registered agent is listed with the Georgia Department of State as Linda Kenney with an address of 32 Lake Top Drive Cartersville, GA  30121.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Harris  v.  Comfort Care*
USDC, NDGA, Rome

Complaint
Page 5

17. Comfort Care was incorporated on or about December 4, 2012, which was during the pendency of the *Tati* case.

18. Like Best Care, Comfort Care is owned by Linda Kenney; she also holds officer/director positions in both corporations and serves as their registered agent.

19. Operations transferred from the Best Care entity to those of Comfort Care in the timeframe of late 2012 to mid 2013. For example, the same vehicles were used for patient services, but the Best Care name was removed and the Comfort Care name was affixed. Most if not all of the same people who had been working for Best Care (including Plaintiffs Scogin and Harris) then began working for Comfort Care. Operations did not change substantially.

20. At relevant times, Defendant Comfort Care has had annual gross revenues in excess of $500,000.

21. At all relevant times, Defendant Comfort Care has been engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

22. At times material to this action, Defendant Comfort Care was subject to the FLSA and was an "employer" of the Plaintiffs and others similarly situated, as defined by § 203(b) of the FLSA.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Harris v. Comfort Care*
USDC, NDGA, Rome

Complaint
Page 6

**Defendant South East Personnel Leasing, Inc.**

23. Defendant **South East Personnel Leasing, Inc.** (hereinafter "South East") is a Florida corporation whose principal place of business is located at 2739 US Hwy 19 #100, Holiday, FL 34691. Its registered agent is listed with the Georgia Department of State as National Corporate Research, Ltd. with an address of 900 Old Roswell Lakes Parkway, Suite 310, Fulton, Roswell, GA 30076.

24. Plaintiffs' paychecks (and W2s) while working for Comfort Care and/or Best Care were from South East. South East refers to itself as an "employer" and to workers such as the Plaintiffs as its "employees." At all times material to this action, Defendant South East was subject to the FLSA and was an additional "employer" of the Plaintiffs and others similarly situated, as defined by § 203(b) of the FLSA.

25. At relevant times, Defendant South East has had annual gross revenues in excess of $500,000.

26. At all relevant times, Defendant South East has been engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

**Defendant Linda Kenney**

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Harris v. Comfort Care*
USDC, NDGA, Rome

Complaint
Page 7

27. Defendant Linda Kenney, an individual, resides at 32 Lake Top Drive Cartersville, GA 30121, Bartow County.

28. Defendant Kenney is the owner of Comfort Care and Best Care.

29. At all times material to this action, Defendant Kenney has actively participated in the businesses of Best Care and Comfort Care.

30. At all times material to this action, Defendant Kenney has exercised substantial control over the functions of the company's employees including Plaintiffs.

31. At all times material to this action, Defendant Kenney was/is an additional "employer" of the Plaintiffs and others similarly situated, as defined by § 203(b) of the FLSA.

**Plaintiff Elbert Lee Harris**

32. Plaintiff Elbert Lee Harris is a resident of Cartersville, Georgia, which is in Bartow County.

33. At all times material to this action, Plaintiff Harris was an "employee" within the meaning of 29 U.S.C. § 203(e).

34. Plaintiff Harris worked for Defendants as a driver from July 31, 2010 to September 10, 2014.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Harris v. Comfort Care*
USDC, NDGA, Rome

Complaint
Page 8

35. While working in this capacity, Plaintiff Harris recorded his time worked on a daily written log.

36. Plaintiff Harris was generally scheduled to work the following times: Monday, Wednesday and Friday his workday began at approximately 4:45 am; Tuesday, Thursday, and Saturday his first ride was usually at 5:15am. Each day he worked until he had completed the rides assigned to him, usually ending between 5:00 and 5:30pm.

37. While it varied, Plaintiff Harris estimates that generally he worked approximately 60-75 hours per week.

38. Plaintiff Harris was not paid an overtime premium of any kind for hours over 40 worked in the workweek.

39. While in this position, Plaintiff Harris was paid on a piece-rate basis.

40. The rates he (and other similarly situated drivers) was to be paid was specified in a schedule.  The amount of money varied by the distance of the drive and the type of service rendered.

41. Plaintiff experienced deductions to his pay.  For example, a $25 deduction was made to his pay each time he was alleged to have been "idling."

42. Upon information and belief, there were some workweeks in which the combination of piece rate wages, long hours, and deductions made his pay

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Harris v. Comfort Care*
USDC, NDGA, Rome

Complaint
Page 9

such that his effective hourly rate was less than the applicable minimum wage rate.

43. In addition, Plaintiff Harris was never paid a premium for his overtime work.

## Plaintiff Velisha Scogin

44. Plaintiff Velisha Scogin is a resident of Cartersville, Georgia, which is in Bartow County.

45. At all times material to this action, Plaintiff Scogin was an "employee" within the meaning of 29 U.S.C. § 203(e).

46. Plaintiff Scogin worked for Defendants as a driver from June 28, 2010  to January 16, 2015.

47. While working in this capacity, Plaintiff Scogin recorded her time worked on a daily written log.

48. Plaintiff Scogin was generally worked from around 7:30am to 5:30pm, Monday through Friday.

49. While it varied, Plaintiff Scogin estimates that generally she worked approximately 50 hours per week.

50. Plaintiff Scogin was not paid an overtime premium of any kind for hours over 40 worked in the workweek.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Harris  v. Comfort Care*
USDC, NDGA, Rome

Complaint
Page 10

51. While in this position, Plaintiff Scogin was paid on a piece-rate basis.

52. The rates she (and other similarly situated drivers) was to be paid was specified in a schedule. The amount of money varied by the distance of the drive and the type of service rendered.

53. Plaintiff experienced deductions to her pay. For example, a $25 deduction was made to her pay each time she was alleged to have been "idling."

54. Upon information and belief, there were some workweeks in which the combination of piece rate wages, long hours, and deductions made his pay such that her effective hourly rate was less than the applicable minimum wage rate.

## FLSA Collective Plaintiffs

55. The Named Plaintiffs bring the First Claim for Relief as a Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of all drivers employed by Defendant Comfort Care and/or Defendant Best Care on or after the date three years before the filing of the instant Complaint (the "FLSA Collective Plaintiffs").

56. Upon information and belief, all drivers have been paid on a piece rate basis, have not been paid an overtime premium for hours over 40 worked in the workweek, on at least some occasions have not been paid minimum wage,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Harris v. Comfort Care*
USDC, NDGA, Rome

Complaint
Page 11

have common or substantially similar job descriptions and duties, and are subject to common or substantially similar policies and procedures.

57. The FLSA Collective Plaintiffs are similarly situated, in that they have had substantially similar job duties, and have been subject to a common pay practices and decisions on the part of the Defendant. The FLSA claims of the Named Plaintiffs alleged herein are essentially the same as those of the other FLSA Collective Plaintiffs.

58. The identities of the individuals comprising the FLSA Collective are, or should be, readily ascertainable from Defendant's records.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

59. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

### *Failure To Pay Time Overtime Properly*

60. Defendants failed to compensate Plaintiffs and others similarly situated at a rate of one and one half times their normal hourly rate(s) for all hours over

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Harris v. Comfort Care*
USDC, NDGA, Rome

Complaint
Page 12

40 worked in a workweek, in violation of the FLSA.

***Failure To Pay Minimum Wage***

61. At least some workweeks, Defendants failed to pay Plaintiffs and others similarly situated the minimum wage for all hours they worked, in violation of the FLSA.

***Willful & Not Based On Good Faith & Entitlement to Damages***

62. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

63. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

64. As a result of the violations by Defendant of the FLSA, the Plaintiffs and others similarly situated are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**BREACH OF CONTRACT/UNJUST ENRICHMENT**

65. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Harris v. Comfort Care*
USDC, NDGA, Rome

Complaint
Page 13

though fully set forth here.

66. Plaintiffs do not claim *duplicative* damages for contract or quasi-contract theories; the damages alleged in this count are for additional aspects of their compensation that are not encompassed by the FLSA, as a basis for computing properly hourly rates upon which to compute FLSA damages, and as alternative legal theories were it to be the case that the FLSA were found not to apply for any reason.

67. Plaintiffs were issued paychecks for total commission amounts, without any breakdown as to how the calculations were made. Therefore, they could not verify the accuracy of the amount of pay. The named Plaintiffs are aware of certain instances in which commission amounts were reduced relative to how much they were supposed to have received under the compensation arrangement.

68. For determining the proper measure of overtime compensation, the proper measure of *contractual* wages must first be determined because "the regular hourly rate of pay is computed by adding together total earnings for the workweek from piece rates and all other sources…. This sum is then divided by the number of hours worked in the week for which such compensation was paid, to yield the pieceworker's "regular rate" for that week. For

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Harris v. Comfort Care*
USDC, NDGA, Rome

Complaint
Page 14

overtime work the pieceworker is entitled to be paid, in addition to the total weekly earnings at this regular rate for all hours worked, a sum equivalent to one-half this regular rate of pay multiplied by the number of hours worked in excess of 40 in the week." 29 C.F.R. § 778.111.

69. In the alternative, were a contract not found to exist, Defendants have been unjustly enriched by withholding monies that rightfully belong to Plaintiffs. Defendants are liable to Plaintiff in the amount of compensation unlawfully withheld from to them, and other appropriate damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

(A)   Certify Count I as a Collective Action pursuant to 29 U.S.C. § 216(b);

(B)   Certify Count II as a Class Action pursuant to Fed. R. Civ. Proc. 23;

(C)   Award Plaintiff and others similarly situated unpaid and underpaid wages due under the FLSA;

(D)   Award Plaintiff and others similarly situated liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Harris v. Comfort Care*
USDC, NDGA, Rome

Complaint
Page 15

(E)    Award Plaintiffs and others similarly situated interest;

(F)    Award Plaintiffs the costs of this action together with reasonable attorneys' fees; and

(G)    Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **28th** day of **July, 2015.**

ANDERSONDODSON, P.C.

**Penn A. Dodson**
GA Bar #224494
*penn@andersondodson.com*
Attorney for Plaintiffs

11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 tel.
(646) 998-8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Harris v. Comfort Care*
USDC, NDGA, Rome

Complaint
Page 16