**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| **Elbert Lee Harris, Velisha Scogin, Jeffrey Cordle, Kenneth Haley, Tracy Hobgood, Debra Comer, Estate Of Luc Degrave, Vicki Hodges, Patricia Brown, Lavolia Alexander, Mellisa Dillard, Charles Gardner, Catherine Jenkins, Anthony Kelley, Brian McInerney, Michael Phillips, Paul Sylvester, Jeffrey Stansell, Stephen Fletcher, Tiffany Wilson, Frank Stephens,** in their individual capacities and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **Comfort Care Transportation Services, Inc.; Best Care Transport Services, LLC; SoutheasTrans, Inc;** and **Linda Kenney,** an individual, <br><br> Defendants. | Case No. 4:15-cv-135-HLM-WEJ |

## INTRODUCTION

COME NOW the Plaintiffs, pursuant to Fed. R. Civ. Proc. 15(a)(2), with permission by the Court, and amend their Complaint to add an additional Defendant, SoutheasTrans, Inc. This Complaint shall supersede and replace all foregoing Complaints filed in this action to date.

1. Plaintiffs Elbert Lee Harris and Velisha Scogin and others similarly situated who have subsequently joined as opt-in plaintiffs work or worked as drivers for Defendants' non-emergency medical transportation service. Harris and Scogin worked for Defendants for over four years, regularly working 10- to 12-hour days, five or six days a week. They were paid on a piece-rate basis, with further deductions to their pay for various reasons. During this time, the Defendants failed to abide by the overtime laws, and in some cases even failed to pay them at or above the applicable minimum wage for all hours worked in the workweek.

2. To challenge these and other wage violations, Plaintiffs, both in their individual capacities and on behalf of others similarly situated, brought this action, by and through their attorneys, against Defendants Comfort Care Transportation Services, Inc. its related corporation, Best Care Transport Services, LLC; their co-employer, SoutheasTrans, Inc.; and the principal of Comfort Care and Best Care, Linda Kenney, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA").

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

3. Plaintiffs also bring contract and quasi-contract claims related to any portions of the Plaintiffs' underpaid wages that fall outside of the purview of the FLSA, as more fully described herein.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

6. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' business located at 412 Stonewall St., Cartersville, GA 30120 and one or more of the Defendants named herein resides in this district.

## PARTIES

**Defendant Best Care Transport Services, LLC**

7. Defendant **Best Care Transport Services, LLC** (hereinafter "Best Care") is a corporation that was doing business within the County of Bartow, and whose principal place of business was located at 412 Stonewall St., Cartersville, GA

30120. Its registered agent is listed with the Georgia Department of State as Linda Kenney, with an address of 32 Lake Top Drive Cartersville, GA 30121.

8. In general terms, Best Care is the predecessor corporation of Comfort Care.

9. Plaintiffs Harris and Scogin (and others similarly situated) worked for Best Care as drivers when they first began employment with Defendants.

10. Best Care was previously sued by one individual driver, Tonya L. Tati, for FLSA violations in this District. (Case No. 4:11-cv-00246-HLM, Complaint filed October 11, 2011.) After cross summary judgment motions were denied, the parties ultimately settled the case, and with the Court's approval it was closed on or about October 16, 2013.

11. On or about July 12, 2013, Best Care filed for bankruptcy in this district. (Petition No. 13-41987-mgd.) On or about October 2, 2013, Best Care moved to dismiss that bankruptcy on the grounds that "The principal reason for Debtor seeking relief was a lawsuit under the Fair Labor Standards Act (FLSA) which was being vigorously prosecuted against it in District Court. Additional Defendants had been added as Defendants to that civil action. After the Chapter 7 case was filed, during a District Court sponsored mediation, the FLSA case was settled by the other two Defendants. While Debtor did not sign off on the settlement document, the settlement contemplates Debtor being released from

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Harris at el v. Comfort Care, at el*
USDC, NDGA, Rome

Amended Complaint
Page 4

the claim and the case being dismissed." (Dkt. 32, ¶¶ 2-3). That motion was granted, and the bankruptcy case was dismissed. (Dkt. 36, 10/28/13).

12. Despite the FLSA case being the "principal reason" for filing for bankruptcy, in its Statement of Financial Affairs, Best Case failed to designate the *Tati* case as constitute a "priority claim" when it failed to mark the box "Wages, salaries, and commissions, …. up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4)." [Bankruptcy Dkt. 12 p. 17]

13. At relevant times, Defendant Best Care had annual gross revenues in excess of $500,000. [See Bankruptcy Dkt. 12 p. 1]

14. At all relevant times, Defendant Best Care was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

15. At times material to this action, Defendant Best Care was subject to the FLSA and was an "employer" of the Plaintiffs and others similarly situated, as defined by § 203(b) of the FLSA.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

**Defendant Comfort Care Transportation Services, Inc.**

16. Defendant **Comfort Care Transportation Services, Inc.** (hereinafter "Comfort Care") is a corporation doing business within the County of Bartow, and whose principal place of business is located at 412 Stonewall St., Cartersville, GA  30120.  Its registered agent is listed with the Georgia Department of State as Linda Kenney with an address of 32 Lake Top Drive Cartersville, GA  30121.

17. Comfort Care was incorporated on or about December 4, 2012, which was during the pendency of the *Tati* case.

18. Like Best Care, Comfort Care is owned by Linda Kenney; she also holds officer/director positions in both corporations and serves as their registered agent.

19. Operations transferred from the Best Care entity to those of Comfort Care in the timeframe of late 2012 to mid 2013.  For example, the same vehicles were used for patient services, but the Best Care name was removed and the Comfort Care name was affixed.  Most if not all of the same people who had been working for Best Care (including Plaintiffs Scogin and Harris) then began working for Comfort Care.  Operations did not change substantially.

20. At relevant times, Defendant Comfort Care has had annual gross revenues in

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Harris at el v. Comfort Care, at el*
USDC, NDGA, Rome

Amended Complaint
Page 6

excess of $500,000.

21. At all relevant times, Defendant Comfort Care has been engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

22. At times material to this action, Defendant Comfort Care was subject to the FLSA and was an "employer" of the Plaintiffs and others similarly situated, as defined by § 203(b) of the FLSA.

**Defendant SoutheasTrans, Inc**

23. Defendant **SoutheasTrans, Inc** (hereinafter "SoutheasTrans") is a Georgia corporation whose principal place of business is located at 4751 Best Road, Suite 300, Atlanta, GA, 30337.  Its registered agent is listed with the Georgia Department of State as Steve T. Minor with an address TisingerVance, PC, 100 Wagon Yard Plaza, Carrollton, GA, 30117.

24. On its Company Overview page of its website, SoutheasTrans holds itself out as being "…a transportation management company specializing in efficient and innovative delivery of human transportation services." http://www.southeastrans.com/about-us/company-overview.html.  Drivers transporting patients helps fulfill the company's essential mission. Therefore, the plaintiff-drivers' functions were integral to the business of SoutheasTrans.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Harris at el v. Comfort Care, at el*
USDC, NDGA, Rome

Amended Complaint
Page 7

25. SoutheasTrans issued daily manifests directing which patients were to be transported when and where. Through these, SoutheasTrans directed the drivers' activities on a daily basis.

26. SoutheasTrans required the drivers to participate in periodic training. SoutheasTrans issued certificates to the drivers indicating that they had passed their training courses.

27. SoutheastTrans periodically inspected the vehicles utilized by the drivers in order to assess and determine compliance with certain requirements.

28. Best Care/ Comfort Care's operations were used exclusively for fulfilling their contract with SoutheasTrans; the Best Care/Comfort Care plaintiff-drivers did no work at all nor performed any services outside of the boundaries of that contract.

29. SoutheasTrans fields and manages any complaints patients may have regarding the drivers or the transportation services they received.

30. Although SoutheasTrans did not physically issue the drivers their paychecks, Plaintiffs' pay was dependent upon SoutheasTrans.

31. At relevant times, Defendant SoutheasTrans has had annual gross revenues in excess of $500,000.

32. At all relevant times, Defendant SoutheasTrans has been engaged in interstate

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Harris at el v. Comfort Care, at el*
USDC, NDGA, Rome

Amended Complaint
Page 8

commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33. For these and other reasons, the drivers were economically dependent upon SoutheasTrans, and SoutheasTrans was a joint "employer" of the plaintiffs and others similarly situated, as defined by § 203(b) of the FLSA.

## Defendant Linda Kenney

34. Defendant Linda Kenney, an individual, resides at 32 Lake Top Drive Cartersville, GA  30121, Bartow County.

35. Defendant Kenney is the owner of Comfort Care and Best Care.

36. At all times material to this action, Defendant Kenney has actively participated in the businesses of Best Care and Comfort Care.

37. At all times material to this action, Defendant Kenney has exercised substantial control over the functions of the company's employees including Plaintiffs. For example, she set and/or authorized the drivers' pay policies, had the authority to hire and fire drivers, and set and/or authorized other terms and conditions affecting the drivers' working conditions.

38. At all times material to this action, Defendant Kenney was/is an additional "employer" of the Plaintiffs and others similarly situated, as defined by § 203(b) of the FLSA.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Harris at el v. Comfort Care, at el*
USDC, NDGA, Rome

Amended Complaint
Page 9

**Plaintiffs**

39. The Plaintiffs worked as drivers for the Defendants.

40. While their working times varied, Plaintiffs estimate that generally they worked approximately 40-75 hours per week.

41. Up until the policy changed in approximately the first quarter of 2015, Plaintiffs were not paid an overtime premium of any kind for hours over 40 worked in the workweek.

42. Before that time, the Plaintiffs were paid on a piece-rate basis.

43. The rates they were to be paid was specified in a schedule. The amount of money varied by the distance of the drive and the type of service rendered.

44. Plaintiffs experienced deductions to their pay. For example, a $25 deduction was made to their pay each time they were alleged to have been "idling."

45. Upon information and belief, there were some workweeks in which the combination of piece rate wages, long hours, and deductions made their pay such that their effective hourly rate was less than the applicable minimum wage rate.

46. In addition, Plaintiffs were never paid a premium for their overtime work.

47. In addition, other individuals have filed their Consents to become Party Plaintiffs pursuant to the conditional certification of this action as a FLSA

ANDERSONDODSON, P.C.  
11 Broadway  
Suite 615  
New York, NY 10004  
212.961.7639  
www.andersondodson.com

action. These individuals are all similarly situated with the original named plaintiffs insofar as they too worked as drivers, were paid in the same ways and were subject to the same company policies."

48. At all times material to this action, the Plaintiffs were "employees" within the meaning of 29 U.S.C. § 203(e).

**FLSA Collective Plaintiffs**

49. The Named Plaintiffs brought the First Claim for Relief as a Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of all drivers employed by Defendant Comfort Care and/or Defendant Best Care on or after the date three years before the filing of the instant Complaint (the "FLSA Collective Plaintiffs").

50. Upon information and belief, the drivers were paid on a piece rate basis, have not been paid an overtime premium for hours over 40 worked in the workweek, on at least some occasions have not been paid minimum wage, have common or substantially similar job descriptions and duties, and are subject to common or substantially similar policies and procedures.

51. The FLSA Collective Plaintiffs are similarly situated, in that they have had substantially similar job duties, and have been subject to a common pay practices and decisions on the part of the Defendant. The FLSA claims of the Named Plaintiffs alleged herein are essentially the same as those of the other

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Harris at el v. Comfort Care, at el*  
USDC, NDGA, Rome

Amended Complaint  
Page 11

FLSA Collective Plaintiffs.

52. The identities of the individuals comprising the FLSA Collective are, or should be, readily ascertainable from Defendant's records.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

53. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

### *Failure To Pay Overtime Properly*

54. Defendants failed to compensate Plaintiffs and others similarly situated at a rate of one and one half times their normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

### *Failure To Pay Minimum Wage*

55. At least some workweeks, Defendants failed to pay Plaintiffs and others similarly situated the minimum wage for all hours they worked, in violation of the FLSA.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

56. Defendants had no good faith basis for believing that their pay practices as

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Harris at el v. Comfort Care, at el*
USDC, NDGA, Rome

Amended Complaint
Page 12

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

alleged above were in compliance with the law.

57. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

58. As a result of the violations by Defendant of the FLSA, the Plaintiffs and others similarly situated are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

## As And For A Second Cause of Action:
## BREACH OF CONTRACT/UNJUST ENRICHMENT

59. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

60. Plaintiffs do not claim *duplicative* damages for contract or quasi-contract theories; the damages alleged in this count are for additional aspects of their compensation that are not encompassed by the FLSA, as a basis for computing properly hourly rates upon which to compute FLSA damages, and as alternative legal theories were it to be the case that the FLSA were found not to apply for any reason.

61. Plaintiffs were issued paychecks for total commission amounts, without any breakdown as to how the calculations were made. Therefore, they could not verify the accuracy of the amount of pay. The named Plaintiffs are aware of certain instances in which commission amounts were reduced relative to how much they were supposed to have received under the compensation arrangement.

62. Regardless of whether the Defendants violated the FLSA, the plaintiffs would be entitled to the difference between the amount they were promised to have been paid under the employment contract setting for the terms of compensation and the amount they actually received.

63. Further, the proper measure of *contractual* wages must first be determined in order to determine the proper measure of FLSA overtime compensation. See 29 C.F.R. § 778.111. For this reason it is necessary to invoke contract common law.

64. In the alternative, were a contract not found to exist, Defendants have been unjustly enriched by withholding monies that rightfully belong to Plaintiffs. Defendants are liable to Plaintiff in the amount of compensation unlawfully withheld from to them, and other appropriate damages.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Harris at el v. Comfort Care, at el*
USDC, NDGA, Rome

Amended Complaint
Page 14

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

(A) Certify Count I as a Collective Action pursuant to 29 U.S.C. § 216(b);

(B) Award Plaintiff and others similarly situated unpaid and underpaid wages due under the FLSA;

(C) Award Plaintiff and others similarly situated liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(D) Award Plaintiffs and others similarly situated interest;

(E) Award Plaintiffs the costs of this action together with reasonable attorneys' fees; and

(F) Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Harris at el v. Comfort Care, at el*
USDC, NDGA, Rome

Amended Complaint
Page 15

Respectfully submitted, this **12th** day of **February, 2016.**

A<small>NDERSON</small>D<small>ODSON</small>, P.C.

*[signature: Penn Dodson]*

**Penn A. Dodson**
GA Bar #224494
*penn@andersondodson.com*
Attorney for Plaintiffs

11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 tel.
(646) 998-8051 fax

A<small>NDERSON</small>D<small>ODSON</small>, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Harris at el v. Comfort Care, at el*
USDC, NDGA, Rome

Amended Complaint
Page 16